FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 3 1 2010 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

**Philanthropics, Inc.,**

Plaintiff

v.

**AOL, Inc.,**

Defendant

JOHNSON, J.
BLOOM, M.J.

Civil Action No.

CV 10-3975

---

## COMPLAINT

### Nature of the Case

By its Complaint, Philanthropics, Inc. seeks declaratory relief, as set forth below, to establish that its registration and use of the domain name <latinoaol.com> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).

### Parties

1. Plaintiff Philanthropics, Inc. is a corporation with its principle office at 157 Prince Street, New York, NY 10012.

2. Defendant AOL, Inc. is a corporation with its principal offices at 22000 AOL Way Dulles, Virginia 20166

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. 1331. Plaintiff seeks a declaration, pursuant to 15 U.S.C, 1114(D) (v) and 28 U.S.C. 2201, that its registration and use of the domain name <latinoaol.com> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d). In addition, AOL, Inc. agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding with the National Arbitration Forum concerning Plaintiff s right to register its domain name <latinoaol.com>.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. 1391(b) (1) because the Defendant AOL, Inc. is a corporation that is deemed to reside in this District pursuant to 28 U.S.C. 1391(c). Venue is also proper in the Eastern District of New York pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. In addition, AOL, Inc. agreed that venue is proper in this Court when it filed its complaint with the National Arbitration Forum concerning Plaintiff s right to register the domain name <latinoaol.com>.

## FACTS

5. Plaintiff Philanthropics, Inc. is an incorporated entity engaged in website design, programming and web hosting for philanthropic and political organizations, affinity groups and endeavors.

6. In connection with its philanthropic efforts, on June 18, 1998, Plaintiff registered the domain name <latinoaol.com> with the Registrar Enom.com, which is an accredited Registrar with the Internet Corporation for Assigned Names and Numbers (ICANN). There were no trademarks in the words latinoaol or latinoaol.com at the time of registration of the domain name by Plaintiff. The domain name literally describes the philanthropic fraternal order Latino ARMY OF LIGHT. Latino AOL was started by veterans in 1948 in charitable service to the Latino community on Manhattan's lower east side. Army of Light now has members worldwide. Latino AOL is the sponsor of community services and is well known to the Latino community on Manhattan's lower east side. ARMY OF LIGHT does not derive profit from its services.

7. Respondent has a legitimate interest in registering and using the Domain Name <latinoaol> for its genuine descriptive qualities comprised as it is of an acronym for Latino ARMY OF LIGHT - Latino AOL.

8. Two years *after* Plaintiff registered the domain name <latinoaol.com>, a mark in the word(s) AOL.com was registered by America Online, Inc. for computer services, namely, providing multiple user access to computer networks. To date, there are no registered marks in the words latinoaol or latinoaol.com.

9. At no time during the twelve (12) year period between 1998 and 2010 was there any objection to Plaintiff's registration of the domain name <latinoaol.com> or any objection to Latino ARMY OF LIGHT'S use of its registered name. Then on April 6, 2010, in an effort to divest Plaintiff of its rights in the domain name <latinoaol.com> and to prohibit further use of its web address by Latino AOL, attorneys for Defendant contacted Plaintiff and demanded that Plaintiff transfer ownership to Defendant of the domain name <lationaol.com>.

9. On or about June 22, 2010, AOL Inc. filed an administrative complaint with the National Arbitration Forum pursuant to ICANN s Uniform Domain Name Dispute Resolution Policy (the ICANN Policy). In its Complaint, AOL Inc. claimed that Plaintiff s registration and use of the

domain name <latinoaol.com> as an acronym for Latino ARMY OF LIGHT violated Defendant's word mark for its internet services.

10. By decision dated August 22, 2010, an arbitrator with the National Arbitration Forum issued a decision directing that the registration of <latinoaol.com> be transferred to Defendant.

11. On August 24, 2010, in accordance with the ICANN Policy, National Arbitration Forum forwarded the decision by electronic mail to Respondent, ICANN, and Enom.com and informed Plaintiff that it would not implement the decision of the National Arbitration Forum if the Plaintiff timely commenced a lawsuit against AOL.com concerning the registration of the domain name <latinoaol.com>.

## COUNT I

**Declaration Under Anticybersquatting Consumer Protection Act**

12. The Plaintiff realleges and incorporates by reference herein paragraphs 1-11 above.

13. In registering the domain name <latinoaol.com> as a genuine nominal description for the fraternal order Latino ARMY OF LIGHT, as provided in 15 U.S.C. 1125(d)(1)(B)(i)(II), Philanthropics, Inc. did not have a bad faith intent, as provided in 15 U.S.C. 1125(d)(1)(A)(i), to profit from any mark in the words AOL.com as descriptive of Defendant's provision of multiple user access to computer networks, or to divert consumers to Latino ARMY OF LIGHT's site for commercial gain, as provided in 15 U.S.C. 1125(d)(1)(B)(i)(V).

14. The domain name <latinoaol.com> is not identical, confusingly similar to, or dilutive, as provided in 15 U.S.C. 1125(d)(1)(A)(ii), of Defendant's registered word mark AOL.com for telecommunications services.

15. Philanthropics, Inc. believed and had reasonable grounds to believe that its registration in June 1998 and use of the domain name <latinoaol.com>, which genuinely describes LATINO ARMY OF LIGHT, comprised as it is of an acronym of the Order's name, ARMY OF LIGHT, was a bona fide non commercial or fair use or otherwise lawful use, as provided in 15 U.S.C. 1125(d)(1)(B)(i)(IV). A trademark was registered in March 2000 in the words AOL.com by America Online, Inc. after Plaintiff had acquired its domain name.

16. As required by 15 U.S.C. 1114(2)(D)(v), Philanthropics, Inc. has given notice to Defendant of Plaintiff's intent to file an action to establish that Plaintiff s registration and use of the domain name <latinoaol.com> is not unlawful under the Anticybersquatting Consumer Protection Act.

## COUNT II

**Declaratory Judgment**

17. The Plaintiff realleges and incorporates by reference herein paragraphs 1-16 above.

18. A dispute exists between Plaintiff Philanthropics, Inc. and Defendant AOL, Inc. concerning Plaintiff's rights to register and use the domain name <latinoaol.com>. As a consequence of this dispute, an actual and justiciable controversy exists between Plaintiff Philanthropics, Inc. and Defendant AOL, Inc.

WHEREFORE, the Plaintiff requests that the Court enter judgment:

a. Declaring that the Plaintiff's registration and use of the domain name <latinoaol.com> is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d);

b. Declaring that the Plaintiff is not required to divest itself of its rights in the domain name or transfer the registration for the domain name <latinoaol.com> to Defendant.

c. Awarding Plaintiff its costs and attorney's fees; and

d. Providing all such other and further relief as the Court deems just and proper.

**Request for Jury Trial**

Plaintiff requests a jury trial on all issues triable by a jury.

Respectfully submitted,

Philanthropics, Inc.
By its Attorney,

Helene Jnane

Helene Jnane, Esq.
140 E 95th Street, Suite 6E
New York, NY 10128
(212) 348-9885

Date: August 28, 2010